JESS R. BRESSI (SBN 110264)
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, CA 92660
Tel: (949) 241-8967
Email: jess.bressi@dentons.com

LYNN P. HARRISON III (Admitted Pro Hac Vice)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Email: lynn.harrisoniii@dentons.com

Counsel for Foreign Representative

FILED & ENTERED

OCT 17 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BIG RIG TRAILERS & LEASING INC.,<br><br>Debtor in Foreign Proceeding. | Case No. 6:24-bk-15309-WJ<br><br>CHAPTER 15<br><br>(Voluntary Petition Filed September 6, 2024)<br><br>**ORDER GRANTING MOTION OF THE FOREIGN REPRESENTATIVE FOR CHAPTER 15 RECOGNITION**<br><br>Hearing:<br>Date:     October 17, 2024<br>Time:    9:00 a.m.<br>Place:   Courtroom 304<br>          3420 Twelfth Street<br>          Riverside, CA 92501-3819 |

On October 17, 2024 at 9:00 a.m., the Court held a hearing regarding the motion of the foreign representative for chapter 15 recognition filed by GTL ("Foreign Representative"), as the foreign representative for the debtor, Big Rig Trailers & Leasing, Inc. ("Debtor"), in this chapter 15 proceeding which is (1) registered under the Canada Business Corporation Act, with the last four digits of its business registration number 7267, with offices at 2105 Carpenter Street, Abbotsford, British Columbia, V2T 6L9, Canada and (2) the subject of the proceeding ("Canadian Proceeding") currently pending before the Supreme Court of British Columbia, initiated under the Canadian Bankruptcy and Insolvency Act, RSC 1985, c B-3 as amended. All appearances were noted on the record. No one opposed the motion.

Good cause appearing, the Court hereby ORDERS:

1. The motion is granted as follows.

2. The Canadian Proceeding is hereby recognized as a foreign main proceeding by 11 U.S.C. § 1517 and given full force and effect.

3. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay under 11 U.S.C. § 362.

4. Pursuant to 11 U.S.C. § 1521(a)(3), the right to transfer, encumber, or otherwise dispose of any assets of the Debtor is hereby suspended.

5. Pursuant to 11 U.S.C. § 1521(b)), the Foreign Representative is entrusted with the right to administer or distribute all or part of the Debtor's assets located in the United States.

6. Pursuant to 11 U.S.C. § 1521(a)(6), the relief granted pursuant to the provisional relief order shall continue in full force and effect until further order of this Court.

7. Notice of this order shall be promptly served by first class mail.

8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this order shall be effective immediately and enforceable upon its entry and (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order.

9. This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the motion, the chapter 15 petition, or the implementation of this order.

IT IS SO ORDERED.

###

Date: October 17, 2024

Wayne Johnson
United States Bankruptcy Judge